# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No.: 2:15-CR-39-JVB-JEM |
| ) | |
| MARCUS LOVELL JENKINS, *et al.*, ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Bill of Particulars as to Counts 3 and 4 of the Indictment [DE 38], filed by Defendant Jenkins on September 21, 2015. The Government filed a Response opposing the Motion on October 1, 2015.

Defendant Jenkins is currently charged with the murder of Kemond Coleman. In Counts 3 and 4 of the Superceding Indictment, Defendant Jenkins is charged with Murder in Aid of Racketeering in violation of 18 U.S.C. §§ 1959(a)(1) and (2) and Use of a Firearm in Relation to a Crime of Violence Resulting in Death in violation of 18 U.S.C. §§ 924(c), (g), and (j), and 18 U.S.C. § 2. The Government alleges that Defendants Jenkins committed and aided and abetted the murder[1] for the purpose of gaining entrance to and maintaining and increasing position in the TWO SIX, an alleged street gang engaged in racketeering. The Government further alleges Defendant Jenkins accomplished the killing through the use of a firearm. Defendant Jenkins argues that a bill of particulars is necessary as to Counts 3 and 4 because the Superceding Indictment lack specific facts regarding his alleged involvement in the murder and TWO SIX and the factual information identifying the conduct upon which the Government intends to base its case is lacking.

Federal Rule of Criminal Procedure 7 provides that the court may direct the government to

---

[1] Defendant Jenkins allegedly aided and abetted co-Defendant Julio Ivan Cartagena in the murder of Kemond Coleman.

file a bill of particulars. Fed. R. Crim. P. 7(f). The decision whether to require a bill of particulars lies within the sound discretion of the trial court. *United States. v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003); *United States. v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). The purposes of a bill of particulars include: (1) allowing a defendant to avoid double jeopardy in the event of a subsequent prosecution for the same offense; (2) avoiding prejudicial surprise at trial; and (3) providing a defendant with information sufficient for him to prepare his defense. *See United States v. Roman*, 728 F.2d 846, 856 (7th Cir. 1984).

The Seventh Circuit Court of Appeals' "bill-of-particulars analysis is similar to its constitutional sufficiency-of-the-indictment analysis; 'in both cases, the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation.'" *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (quoting *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008)). A bill of particulars is "unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense." *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir.2003); *see also United States v. Kendall*, 665 F.2d 126, 135 (7th Cir.1981). "A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Vaughn,* 722 F.3d at 927. "[A]n indictment that includes each of the elements of the charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the applicable statute or statutes is sufficient to meet that standard." *Fassnacht*, 332 F.3d at 446.

Defendant Jenkins requests a bill of particulars seeking responses from the Government regarding whether:

1. [Defendant Jenkins was] a member or associate of the organization known as

"TWO SIX NATION" ? [sic] If an associate, what was the nature and length of his association?

2. How did his [Defendant Jenkins] intentionally murdering Kemond Coleman gain him entrance to or maintain or increase his position in the TWO SIX?

3. If the government argues that he aided, abetted, counselled [sic], commanded, induced, or caused another to commit the murder of Kemond Coleman, what specific activity aided, abetted, counselled [sic], commanded, induced, or caused another to commit the murder of Kemond Coleman?

The Murder in Aid of Racketeering statute under which Defendant Jenkins is charged in Count 3 provides, in relevant part, that:

> Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual . . . shall be punished.

18 U.S.C. § 1959(a) (2015). The Government's burden under this statute with respect to Defendant Jenkins is to demonstrate (1) that the TWO SIX was an enterprise engaged in, or the activities of which, affected interstate commerce or foreign commerce; (2) that the TWO SIX engaged in racketeering activity; (3) that Defendant Jenkins committed a specific violent crime under Indiana Law; and (4) that Defendant Jenkins committed the violent crime for the purpose of gaining entrance to or maintaining or increasing position in the TWO SIX. *See United States v. Phillips*, 239 F.3d 829, 845 (7th Cir. 2001).

Count 3 of the Superceding Indictment places Defendant Jenkins on notice of how the

Government intends to satisfy its burden. Count 3 alleges (1) that the TWO SIX constituted an enterprise engaged in activity which affected, interstate and foreign commerce; (2) that the TWO SIX was engaged in racketeering activity, principally narcotics trafficking; (3) that on July 26, 2014, Defendant Jenkins intentionally murdered Kemond Coleman in Lake County, Indiana, for the purpose of gaining entrance to and maintaining and increasing position in the TWO SIX; (4) and that he did so in violation of Indiana Penal Code §§ 35-42-1-1 and 35-41-2-4.

Defendant Jenkins argues that the Superceding Indictment lacks specific facts and information identifying the conduct upon which the Government intends to base its case; however, at this stage Defendant Jenkins is entitled only to a general theory of the Government's case-in-chief. *Vaughn,* 722 F.3d at 927. The Government is not required to proffer the specific facts in the Superceding Indictment on which it intends to base its prosecution. *Id.* Although the information requested by Defendant Jenkins regarding the scope of his alleged affiliation with the TWO SIX may be useful to his defense, the Government has provided sufficient factual details to enable Defendant Jenkins to avoid prejudicial surprise and adequately prepare for his defense. *See Roman*, 728 F.2d at 856.

As to Count 4, Defendant is charged with Use of a Firearm in Relation to a Crime of Violence Resulting in Death in violation of 18 U.S.C. § 924(c), (g), and (j), and 18 U.S.C. § 2. The law, in relevant part, provides enhanced punishment for:

> any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime.

18 U.S.C. § 924(c) (2015). Count 4 of the Superceding Indictment provides the elements of Use of

a Firearm in Relation to a Crime of Violence Resulting in Death insofar as the Government alleges that a firearm was used by Defendant Jenkins in relation to and during the predicate crime of violence: the murder of Kemond Coleman. Moreover, the Superceding Indictment provides Defendant Jenkins with notice of his enhanced sentencing exposure under the law. Again, although useful, the information sought by Defendant through a bill of particulars is not required because the information provided by the Government in Count 4 of the Superceding Indictment sufficiently apprises him of the charge and enables adequate trial preparation. *See Vaughn*, 722 F.3d at 927.

Accordingly, the Court hereby **DENIES** the Motion for Bill of Particulars [DE 38].

SO ORDERED this 5th day of November, 2015.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record