**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

UNITED STATES OF AMERICA

v.

Case No. 2:15-CR-39-JVB

MARCUS JENKINS

**OPINION AND ORDER**

Mr. Jenkins moved for review of the detention order pursuant to 18 U.S.C. § 3145. (DE 96.)

**A.   Procedural posture**

Mr. Jenkins was arrested on July 1, 2015. Magistrate Judge Rodovich held a hearing on July 7, 2015, regarding detention.

Judge Rodovich noted that Mr. Jenkins faced a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Judge Rodovich also noted Mr. Jenkins's involvement in gang activity, failures to appear in court more than seven times in other cases, criminal history, and non-compliance with probation.

Judge Rodovich found that no conditions would reasonably assure the appearance of the Defendant and the safety of the community, and ordered the Defendant to be held without bond. (Detention Order, DE 8 at 3–4.)

On July 15, 2015, the Grand Jury returned a superseding indictment charging Mr. Jenkins with murder in aid of racketeering, use of a firearm during and in relation to a crime of violence resulting in death, and being a felon in possession of a firearm.

On January 11, 2016, Mr. Jenkins moved for review of the detention order. (DE 53.)

Magistrate Judge Martin held a hearing on February 12, 2016, and ordered the prior detention order to remain in effect.[1] (DE 60.)

B.  **Pending motion for review of detention order**

On January 30, 2017, Mr. Jenkins moved again for review of the detention order. (DE 96). Mr. Jenkins notes multiple trial continuances. He acknowledges his criminal record, but argues that he has only one felony conviction and it is not for a crime of violence. He argues that he hasn't been a member of the Vice Lords since late 2014, and that the racketeering activity involved in the superseding indictment involves a different gang, the Two-Six Nation. He argues he never belonged to Two-Six. He acknowledges his history of failures to appear at court proceedings, but argues these failures related to traffic violations. He argues the Court should consider his additional period of incarceration. He argues that the evidence supporting his detention is "extremely weak" and does not show he would be a danger to the community. He argues that his continued incarceration limits his ability to consult with counsel and otherwise assist in his defense.

---

[1] Judge Martin was added to this case on April 17, 2015. The government then filed its criminal complaint against Mr. Jenkins on June 29, 2015. Judge Rodovich presided over Mr. Jenkins's initial appearance on July 1, 2015, and his probable cause/detention hearing on July 7, 2015. Judge Rodovich entered a detention order on July 8, 2015. Judge Martin presided over Mr. Jenkins's arraignment on July 20, 2015, and his bond review hearing on February 12, 2016.

## C. Legal standards

Per 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."

A district court's standard of review for a magistrate judge's detention order is *de novo*. *United States v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985). A district court may review a magistrate's detention order without holding a new hearing. *See United States v. Bergner*, 800 F. Supp. 659 (N.D. Ind. 1992). "An evidentiary hearing is necessary only if the party requesting the hearing raises a significant disputed factual issue." *United States v. Sophie*, 900 F.2d 1064, 1070 (7th Cir. 1990).

A district court may review the magistrate judge's decision by reviewing the transcript of the magistrate judge's hearing or by holding a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).

On the basis of the arguments in the briefs, the Court exercises its discretion and declines to hold yet another hearing. Instead, the Court conducted a *de novo* review of the transcripts of the hearings held on July 7, 2015, and February 12, 2016; the detention order entered July 8, 2015; the docket entry on February 12, 2016; and the briefs and other relevant documents.

## D. Discussion

During Magistrate Judge Rodovich's hearing on July 7, 2015, Mr. Jenkins contested detention. By way of proffer, the government argued that evidence would show that Defendant admitted to being a member of the Vice Lords, and that he also associated with Two-Six. (DE 84

at 2.) The government noted the potential for an indictment against Defendant for the murder of Kemond Coleman. (*Id.* at 3.) The government also noted eight prior failures to appear for court proceedings, and argued "[i]f he's failing to appear on such minor charges, he's certainly going to fail to appear on a Federal gun charge." (*Id.* at 4–5.) The government argued Mr. Jenkins was a flight risk and a danger to the community. (*Id.* at 5.)

Mr. Jenkins argued that his failures to appear related to traffic violations. (*Id.* at 3.) He also argued that he had obligations to his daughter, and could work and attend school. (*Id.* at 3–4.) He argued that electronic monitoring could mitigate any flight risk. (*Id.* at 5.)

Judge Rodovich held that given Defendant's extensive criminal record, his failures to appear, multiple petitions to revoke his felony probation for burglary, and all the circumstances, the probation department would not be able to effectively monitor Defendant if released on bond. (*Id.* at 84.) Judge Rodovich ordered Defendant held without bond pending trial. (*Id.*)

A written order entered the following day documented Judge Rodovich's finding that no conditions would reasonably assure the appearance of the Defendant and the safety of the community. (Detention Order, DE 8 at 3.)

At the hearing on February 12, 2016, Judge Martin noted that Mr. Jenkins challenged the detention essentially on two grounds: the extended time before trial given a continuance and defense counsel's contention following review of discovery that the case against Defendant is not as strong as the indictment might indicate. (DE 86 at 3–4.) Defendant accepted this formulation of the grounds. (*Id.* at 4.)

Defendant argued that a continuance had extended the period of his pre-trial incarceration. (*Id.* at 5.) Defendant made arguments distancing himself from gangs. (*Id.* at 6.)

4

Defendant made arguments challenging the evidence against him. (*Id.* at 6–8.) The government responded that at least two witnesses place Defendant at the scene during the homicide. (*Id.* at 8.) The government also noted that Defendant gave conflicting statements to the police regarding his location during the homicide. (*Id.* at 8–9.) The government again noted Defendant's significant criminal history, extensive history of substance abuse, non-compliance with probation, and many failures-to-appear. (*Id.* at 10–11.)

After hearing further arguments, Judge Martin decided not to disturb the detention order. (*Id.* at 13.) He noted that this is a presumption case that carries a potential life sentence. (*Id.* at 14.)

Now, in the pending motion for review, Defendant again argues that his continued pre-trial incarceration, the weakness of the evidence against him, and his difficulties in assisting in his defense due to his continued incarceration weigh in favor of his release.

**E.     Conclusion**

Having conducted a *de novo* review of the pertinent materials, and reconsidered the arguments, the Court finds ample reasons not to release Mr. Jenkins at this time, especially in light of the presumption created by 18 U.S.C. § 3142(e)(3)(B).

He is charged with murder in aid of racketeering and with offenses involving the use or possession of a firearm, he has an extensive criminal record, he has a history of failing to appear for court proceedings, and he faces a potential sentence of life imprisonment.

For these reasons, and for further reasons stated in the government's response (DE 101), the Court concludes that no conditions of release would reasonably assure the appearance of Defendant and the safety of the community.

The Court **DENIES** the motion for review of detention order in all respects. (DE 96.) Mr. Jenkins will remain in custody, without bond.

**SO ORDERED** on February 23, 2017.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE