# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:15-CR-39-JVB |
| CHARLES GARCIA-BERRIOS and MARCUS LOVELL JENKINS | |

## OPINION AND ORDER

The superseding indictment brought various charges against Co-Defendants Garcia-Berrios and Jenkins, including murder and use of a firearm. Mr. Jenkins moves to sever his trial from that of Mr. Garcia-Berrios. (DE 129.)

**A.   Procedural posture**

On July 15, 2015, the superseding indictment in this case brought five counts:

   (1)   attempted murder in aid of racketeering, against Co-Defendants Garcia-Berrios and Cartagena;

   (2)   use of a firearm during and in relation to a crime of violence, against Co-Defendants Garcia-Berrios and Cartagena;

   (3)   murder in aid of racketeering, against Co-Defendants Garcia-Berrios and Jenkins;

   (4)   use of a firearm during and in relation to a crime of violence resulting in death, against Co-Defendants Garcia-Berrios and Jenkins; and

   (5)   possession of a firearm by a prohibited person, against Mr. Jenkins.

On September 21, 2015, Mr. Jenkins moved to sever Count 5 from Counts 3 and 4. (DE 39.) The government did not oppose severance of Count 5. (DE 46.) The Court severed Count 5 from Counts 3 and 4. (DE 51.)

On March 22, 2017, Mr. Cartagena pleaded guilty to Count 2.

On April 12, Mr. Garcia-Berrios filed a notice of intent to plead guilty to Counts 2 and 3, but on April 24 his attorney filed a motion to withdraw and a motion to continue the change-of-plea hearing.

Also on April 24, Mr. Jenkins moved to sever his trial from that of Mr. Garcia-Berrios. (DE 129.) The government responded. Mr. Jenkins did not reply, and the time for doing so has expired.

On April 26, the Court granted the motion to withdraw and did not conduct a change-of-plea hearing for Mr. Garcia-Berrios on the date it had been set. The Court also granted Mr. Garcia-Berrios's motion to continue trial.

**B.     Law**

Federal Rule of Criminal Procedure 8(b) allows the joinder of two or more defendants in a single indictment and a single trial:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b).

The federal system strongly prefers joint trials of defendants jointly indicted. *See United States v. Spagnola*, 632 F.3d 981, 987 (7th Cir. 2008). Joint trials conserve judicial resources and avoid costly, duplicative trials. *United States v. Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008). Joint trials promote efficiency and help prevent the scandal and inequity of inconsistent verdicts. *Zafiro v. United States,* 506 U.S. 534, 537 (1993). The Seventh Circuit explained the policy underlying the rule favoring joint trials:

> Joint trials reduce the expenditure of judicial and prosecutorial time; they reduce the claims the criminal justice system makes on witnesses, who need not return to court for additional trials; they reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague, even though one or the other (or both) undoubtedly committed a crime. The joint trial gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.

*United States v. Buljubasic,* 808 F.2d 1260, 1263 (7th Cir. 1987).

But Rule 14(a) allows a court to sever co-defendants' trials if a defendant is prejudiced by joinder:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

In tandem, Rules 8(b) and 14 work "to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968).

Rule 14 leaves the determination of risk of prejudice from a joint trial and any remedy that may be necessary to the sound discretion of the district court. *Zafiro*, 506 U.S. at 539.

3

A defendant moving for severance must demonstrate that, absent severance, he is likely to be unable to obtain a fair trial. *See United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000).

A court should sever only if the defendant has carried his burden to demonstrate that "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

A defendant is not entitled to a separate trial simply because he might have a better chance of acquittal if tried alone. *Id.* at 540. A serious risk that might warrant severance occurs, for example, when exculpatory evidence that would be available to a defendant tried alone is unavailable in a joint trial (*id.* at 539) or when a defendant cannot adequately cross-examine a hearsay declarant (*Bruton*, 391 U.S. at 126). If a defendant can show that a joint trial will prevent him from offering a co-defendant's exculpatory testimony, severance might be necessary to avoid prejudice. *See United States v. Echeles*, 352 F.2d 892 (7th Cir. 1965).

"In all but the most unusual circumstances, the risk of prejudice arising from a joint trial is outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all." *United States v. McClurge*, 311 F.3d 866, 871 (7th Cir. 2002) (internal quotation marks omitted). The district court has wide discretion in determining when the prejudice of joinder outweighs the benefits of a single trial. *United States v. Carrillo*, 435 F.3d 767, 778 (7th Cir. 2006).

C.   **Analysis**

Mr. Jenkins does not dispute that joinder of the Co-Defendants in the single superseding indictment was proper. Instead, Mr. Jenkins's argument for severance proceeds along two fronts: (1) speedy trial; and (2) Mr. Garcia-Berrios's testimony.

**(1)   *Speedy trial***

First, Mr. Jenkins argues that denying severance and sending him to trial with Mr. Garcia-Berrios at a continued setting will severely prejudice Mr. Jenkins's right to a speedy trial.

The Court already denied Mr. Jenkins's prior speedy-trial motion to dismiss. (DE 106.) Any additional delay beyond the June 5, 2017, trial date due to the continuance necessitated by the withdrawal of Mr. Garcia-Berrios's attorney is excluded as a continuance in the ends of justice pursuant to 18 U.S.C. § 3161(h)(7). Mr. Garcia-Berrios's new attorney must have an opportunity to prepare for trial.

The Court granted the continuance on April 26, 2017, on the basis of its findings that the ends of justice served by the continuance outweigh the best interest of the public and the Defendants in a speedy trial. The reasons for this finding are that Mr. Garcia-Berrios established his need for new counsel, and new counsel will require additional time to investigate, consult, and prepare for trial. Therefore, any period of delay resulting from this continuance is excluded for speedy-trial purposes for both Mr. Garcia-Berrios and Mr. Jenkins under 18 U.S.C. § 3161(h)(7)(A) and § 3161(h)(7)(B)(i) and (iv). The Seventh Circuit has long held that "the excludable delay of one defendant may be ascribed to all codefendants in the same case, absent severance." *United States v. Dennis*, 737 F.2d 617, 620 (7th Cir. 1984).

Moreover, Mr. Jenkins failed to provide any detailed speedy-trial clock analysis showing the amount of non-excluded expired time and the amount of time remaining.

**(2)** *Co-Defendant Garcia-Berrios's testimony*

Second, Mr. Jenkins argues that he needs a severance because he plans to call Mr. Garcia-Berrios to testify. Both Defendants—the argument goes—gave consistent statements to the government indicating Mr. Garcia-Berrios took the gun from Mr. Jenkins and fired at Mr. Coleman in self-defense. Mr. Jenkins claims Mr. Garcia-Berrios is the only witness available to confirm Mr. Jenkins's account of the fatal shooting.

Mr. Jenkins cites an Eleventh Circuit case from 1986 for the proposition that a defendant seeking severance to permit exculpatory testimony of a co-defendant must show:

  (1) a bona fide need for the testimony;

  (2) the substance of the testimony;

  (3) the exculpatory nature and effect of the testimony; and

  (4) that the co-defendant would indeed have testified at a separate trial.

But Mr. Jenkins failed to satisfy this test. He has not shown that Mr. Garcia-Berrios would testify at a severed trial of Mr. Jenkins, rather than invoking the privilege against self-incrimination under the Fifth Amendment.

The Seventh Circuit's test to determine whether severance is warranted due to the potential testimony of a co-defendant is similar. The court considers:

  (1) whether the co-defendant's testimony would be exculpatory;

  (2) whether the co-defendant would in fact testify; and

6

(3) whether the testimony would bear on defendant's case.

*United States v. Magana*, 118 F.3d 1173, 1190 (7th Cir. 1997).

Moreover, to justify severance, a defendant must provide some actual support, "such as an affidavit or the existence of recorded testimony," that his co-defendant would testify in a manner which would exculpate him. *United States v. Andrus*, 775 F.2d 825, 847 (7th Cir. 1985.) The defendant must show more than simply that the potential testimony would make acquittal more likely; he must demonstrate that the lack of the testimony will deprive him of a fair trial. *Id.*

Mr. Jenkins failed to satisfy the Seventh Circuit's test. He did not carry his burden to demonstrate that lack of severance would deprive him of a fair trial. He did not carry his burden to demonstrate that Mr. Garcia-Berrios would in fact likely testify at a severed trial of Mr. Jenkins, rather than invoking the Fifth Amendment. He did not explain in detail the significance of the desired testimony from Mr. Garcia-Berrios (that he took the gun from Mr. Jenkins and fired at Mr. Coleman) in light of the fact that Counts 3 and 4 include aiding and abetting. He did not reply to the government's response.

**D.     Conclusion**

The Court concludes that Mr. Jenkins has not shown that any prejudice resulting from standing trial with Mr. Garcia-Berrios—either alleged prejudice relating to the speedy-trial right or alleged prejudice relating to the potential testimony of Mr. Garcia-Berrios—outweighs the economies of a single trial in which all facets of the crime can be explored once and for all. Mr. Jenkins has not demonstrated that, absent severance, he is likely to be unable to obtain a fair trial.

He has not shown that there is a serious risk that a joint trial would compromise a specific trial right, or prevent the jury from making a reliable judgment.

For these reasons, and the reasons noted in the government's response, the Court denies the motion to sever (DE 129) without prejudice.

If Mr. Jenkins has or obtains an affidavit, other proof, or additional reasons to suggest that Mr. Garcia-Berrios would in fact likely testify at a severed trial (rather than invoking the Fifth Amendment), to suggest what that testimony would likely be, and to explain the significance of that testimony in light of the aiding and abetting charges contained in Counts 3 and 4, Mr. Jenkins may move for reconsideration and submit this information.

In sum, as of now, Mr. Jenkins will stand trial with Mr. Garcia-Berrios on the date to be determined. As of now, Mr. Jenkins will also stand trial on October 16, 2017, regarding Count 5.

**SO ORDERED** on May 10, 2017.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT